## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B243357 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA122272) |
| v. | |
| BELIEVE KELSON, | **ORDER MODIFYING OPINION** |
| Defendant and Appellant. | **[NO CHANGE IN JUDGMENT]** |

THE COURT:

It is ordered that the opinion filed herein on September 5, 2013, be modified as follows:

On the caption page, the superior court No. "TA112124" is deleted and the following is inserted in its place:

(Los Angeles County Super. Ct. No. TA122272)

There is no change in the judgment.

_____

BOREN, P. J.          ASHMANN-GERST, J.          CHAVEZ, J.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BELIEVE KELSON,<br><br>    Defendant and Appellant. | B243357<br><br>(Los Angeles County<br>Super. Ct. No. TA112124) |

THE COURT:*

Appellant Believe Kelson appeals from the judgment following a bench trial in which he represented himself.  The trial court found appellant guilty of felony assault with a firearm (Pen. Code, § 245, subd. (a)(2)) (count 1) and misdemeanor vandalism (Pen. Code, § 594, subd. (a)) (count 4).  The trial court did not find appellant guilty of two other assault counts.  The trial court also found true the allegation that appellant personally used a firearm during the commission of count 1 (Pen. Code, § 12022.5, subd. (a)).  Appellant admitted that he had suffered a prior conviction for violation of Health and Safety Code section 11352, subdivision (a).  The trial court sentenced appellant to state prison for eight years, consisting of the midterm of three years on count 1, plus four years for the gun enhancement, plus one year for the prior conviction.  The

_____

*      BOREN, P. J., ASHMANN-GERST, J., CHAVEZ, J.

trial court imposed various fines and fees and awarded appellant 193 days of presentence custody credit.

We appointed counsel to represent appellant on this appeal. After examination of the record, counsel filed an "Opening Brief" in which no arguable issues were raised. On May 20, 2013, we advised appellant that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. On May 31, 2013, appellant submitted a response in which he essentially reargued the facts and law.

We have reviewed the entire record and conclude that it provides a factual basis to support the convictions. The prosecutor presented the following evidence: On March 1, 2012, appellant was at an apartment complex in Lynwood, California where his girlfriend lived. The victim, William Leslie (Leslie), lived in the same complex with his mother and brother, and his sister was visiting that day with her children. That afternoon, appellant and Leslie got into an altercation. Leslie was on a bicycle and appellant told him to "fade or get killed." "Fade" means to fight. Leslie got off the bicycle and began fighting with appellant, knocking appellant down. Leslie then went inside his apartment and appellant went inside his girlfriend's apartment.

A short time later, Leslie's brother was in the courtyard and saw appellant walking towards his apartment, holding a double barrel shotgun with the barrel sawed off. The front door to the apartment was open, but the screen door was closed. Leslie's sister saw appellant walk up to the front door with a gun. He cocked the gun and told Leslie to come outside. He pointed the gun at the screen door and Leslie's sister closed the front door.

Several people outside screamed at Leslie to stay inside the apartment. Appellant then broke the window of the apartment with the gun. Leslie peeked through the curtains and saw a shotgun barrel. He was scared so he led his sister and her children to the back of the apartment. Leslie could not see who was holding the gun, but testified at the preliminary hearing that appellant was holding the gun.

That afternoon, Deputy Adam Kirste of the Los Angeles County Sheriff's Department received a radio call of a "man with a gun." When he arrived at the

2

apartment complex, he saw a group of people and several officers.  He was then advised by the sheriff's dispatch center that appellant's girlfriend had reported that appellant was at King Taco.  Deputies went to the location, but did not find appellant.  Deputy Kirste called appellant's girlfriend, who gave the deputy different stories of where she was.

Sheriff's deputies eventually made contact with appellant inside his girlfriend's apartment.  Despite numerous requests, appellant refused to come out.  He remained inside the apartment for about seven hours.  After "countless warnings," tear gas was fired into the apartment and appellant was forcibly removed.  A search of the apartment yielded nine .38-caliber rounds and 49 millimeter rounds of ammunition.

Appellant testified on his own behalf.  He stated that he and Leslie had had "problems" in the past.  It was appellant's birthday so he decided to make amends with Leslie, who was with a group of people.  Appellant offered everyone a drink except Leslie, who punched appellant.  Appellant was drunk, but managed to walk to his girlfriend's apartment.  Appellant quickly left the apartment and passed by the window of Leslie's apartment.  Appellant hit the window with his arm because he was "pissed off" at Leslie, and the window broke.  Appellant did not have a gun at the time.

Neither the record nor appellant's response demonstrate the existence of any cognizable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.